# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

KIMBERLY CARRIGAN,

    Plaintiff,

v.

ARCHDIOCESE OF MILWAUKEE,

    Defendant.

CIVIL ACTION NO. 22 CV 1084

JURY TRIAL DEMANDED

## COMPLAINT

NOW COMES the Plaintiff, Kimberly Carrigan, by and through her attorneys, McDonald & Kloth, LLC, and as and for her cause of action against the Defendant, Archdiocese of Milwaukee, alleges as follows:

## NATURE OF ACTION

1. This action arises under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e-2 et seq., and the Americas with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., to correct unlawful employment practices on the basis of sex, disability, and opposition to discrimination and harassment in the workplace. Plaintiff seeks reinstatement or front pay in lieu of reinstatement, back pay, lost benefits, consequential damages, compensatory damages, punitive damages, injunctive relief, attorney's fees, costs, and any other such relief the Court may deem appropriate.

1

## PARTIES

2. Kimberly Carrigan (hereinafter, "Carrigan" or "Plaintiff") is an adult resident of the State of Wisconsin with a residence located at 2462 N 83rd Street Wauwatosa, Wisconsin 53213.

3. Archdiocese of Milwaukee (hereinafter, the "Archdiocese") is a Wisconsin corporation with a principal place of business located at 3501 South Lake Drive, Milwaukee, Wisconsin, 53207.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2 et seq., and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred within this District, and Defendant has substantial and systematic contacts in this District.

## FACTUAL ALLEGATIONS

6. Carrigan became employed with the Archdiocese on or about May 3, 2021 as an Assistant Director of Fundraising for Catholic Schools.

7. Carrigan performed her job satisfactorily throughout her employment with the Archdiocese.

8. Carrigan's direct supervisor throughout her employment was Andy Gaertner ("Gaertner").

9. Gaertner possessed the authority to hire, fire, demote, and discipline employees during the time in which Carrigan was employed with the Archdiocese.

10. Gaertner possessed the authority to terminate Carrigan's employment.

11. Carrigan has been diagnosed with dyslexia and attention deficit disorder.

12. Carrigan's disabilities substantially limits one or more major life activities as her dyslexia makes it difficult to read and communicate, and her ADD, when active, makes it difficult for Carrigan to think, speak, communicate, reason, drive, work, and perform myriad other mental functions.

13. Carrigan discussed her disabilities with Gaertner throughout her employment.

14. On Friday, July 9, 2021, Gaertner subjected Carrigan to unwelcome sexual conduct. Gaertner cornered Carrigan in her cubicle and blocked the exit from her cubicle. Gaertner put his hand down his pants and appeared to touch himself in the presence of Carrigan. Carrigan immediately turned her chair away from Gaerter at which point she heard Gaertner unbuckle his pants.

15. Carrigan, a survivor of sexual assault, became frightened and feared for her safety.

16. Carrigan told Gaerter that she had to leave.

17. Carrigan began to sob and exited the Archdiocese.

18. Carrigan called her daughter and explained the inappropriate conduct to which she had just been subjected by Gaertner.

19. On Monday, July 12, 2021, Carrigan reported Gaertner's sexual misconduct to the Archdiocese HR Department.

20. On July 14, 2021 Gaertner and the Archdiocese HR Director terminated Carrigan's employment.

21. All conditions precedent for filing this lawsuit have been fulfilled as Carrigan received a Right to Sue Letter from the Equal Employment Opportunity Commission, dated June 21, 2022.

## LEGAL CLAIMS

### VIOLATION OF TITLE VII - DISCRIMINATION BASED UPON GENDER, SEXUAL HARASSMENT, AND RETALIATION

22. Carrigan incorporates paragraphs 1 through 21 as if fully set forth herein.

23. Carrigan is a member of a protected class as she is female and opposed sexual harassment in the workplace.

24. Gaertner harassed Carrigan based upon her gender and created a hostile work environment for Carrigan.

25. The sexual harassment to which Carrigan was subjected by Gaertner was unwelcome.

26. The harassment by Gaertner was severe.

27. Carrigan complained to the Archdiocese about Gaertner subjecting her to sexual harassment in the workplace.

28. The Archdiocese terminated Carrigan for complaining about sexual harassment in the workplace.

29. The effect of the practices complained herein has been to deprive Carrigan of equal employment opportunities and otherwise adversely affect her status as an employee because of her gender and opposition to sexual harassment.

30. The unlawful employment practices complained of herein were intentional.

31. The unlawful employment practices complained of herein were done with reckless indifference to Carrigan's federally protected rights.

32. Carrigan has incurred substantial damages as a result of the sexual harassment and retaliation including, but not limited to, lost pay, lost benefits, out of pocket expenses, compensatory damages, punitive damages, and attorney's fees and costs.

**VIOLATION OF THE ADA - DISCRIMINATION BASED UPON DISABILITY**

33. Carrigan incorporates paragraphs 1 through 21 as if fully set forth herein.

34. Carrigan is a member of a protected class within the meaning of the ADA as she possesses a disability and sought reasonable accommodations related to her disability.

35. The Archdiocese was aware of Carrigan's disability.

36. Carrigan and Gaertner discussed Carrigan's disability throughout her employment.

37. The Archdiocese treated Carrigan less favorably than her non-disabled coworkers.

38. The effect of the practices complained herein has been to deprive Carrigan of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

39. The unlawful employment practices complained of herein were intentional.

40. The unlawful employment practices complained of herein were done with reckless indifference to Carrigan's federally protected rights.

41. Carrigan has incurred substantial damages as a result of the Archdiocese discriminating against her because of her disability including, but not limited to, lost pay, lost benefits, out of pocket expenses, compensatory damages, punitive damages, and attorney's fees and costs.

WHEREFORE, it is respectfully requested that judgment be entered in favor of the Plaintiff, Kimberly Carrigan, and against the Defendant, Archdiocese of Milwaukee, for all damages, costs, fees, and equitable remedies alleged herein.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

                    Dated: September 19, 2022.

                    **MCDONALD & KLOTH, LLC**
                    Attorneys for Kimberly Carrigan

        By:   s/Shannon D. McDonald
                    Shannon D. McDonald
                    WI Bar No. 1036954

MCDONALD & KLOTH, LLC
N96W18221 County Line Rd. #200
Menomonee Falls, WI 53051
262-252-9122 (Office)
262-252-9123 (Direct)
414-395-8773 (Fax)
sdm@themklaw.com