KIMBERLY CARRIGAN,

        Plaintiff,

  v.

                                   Case No. 22-cv-1084-pp

ARCHDIOCESE OF MILWAUKEE,

        Defendant.

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT (DKT. NO. 18)**

The plaintiff alleges that her former employer discriminated against her based on gender and disability; engaged in sexual harassment; and fired her in retaliation for her complaining about the harassment, in violation of Title VII. Dkt. No. 1. The defendant moved to dismiss under Rule 12(b)(6), dkt. no. 5; the court gave the plaintiff permission to file an amended complaint and denied as moot the motion to dismiss, dkt. no 16. The defendant filed a motion to dismiss the amended complaint, asking the court to take judicial notice of documents produced in response to a FOIA request. Dkt. No. 18. Based on those documents, the defendant asks the court to ignore the allegations in the complaint and find that the plaintiff did not file suit within ninety days of the receipt of the notice of right to sue. Id. The court will deny the motion.

1

**I.     Defendant's Motion to Dismiss the Amended Complaint (Dkt. No. 18)**

  A. <u>Standard</u>

  A Rule 12(b)(6) motion attacks the allegations within the four corners of the complaint. When considering a motion to dismiss for failure to state a claim, courts "take all the factual allegations in the complaint as true," <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009), and draw all reasonable inferences in the plaintiff's favor, <u>Roberts v. City of Chicago</u>, 817 F.3d 561, 564 (7th Cir. 2016). "Ordinarily, when adjudicating a motion to dismiss under Rule 12(b)(6), a district court is limited to the allegations in the complaint." <u>Fin. Fiduciaries, LLC v. Gannett Co., Inc.</u>, 46 F.4th 654, 663 (7th Cir. 2022) (citing <u>Gen. Elec. Cap. Corp. v. Lease Resol. Corp.</u>, 128 F.3d 1074, 1080 (7th Cir. 1997)). Federal Rule of Civil Procedure 12(d) requires that, if a court considers "matters outside the pleadings" when considering a Rule 12(b)(6) motion, it must treat the motion as a motion for summary judgment, with all the procedural requirements that entails. <u>Id.</u>

  B. <u>Amended Complaint</u> (Dkt. No. 17)

  The plaintiff started working for the defendant on May 3, 2021 as the Assistant Director of Fundraising for Catholic Schools. Dkt. No. 17 at ¶6. She alleges that she performed her job satisfactorily throughout her employment. <u>Id.</u> at ¶7. Andy Gaertner supervised the plaintiff; he had the power to hire, fire, demote and discipline employees, and he had the authority to terminate the plaintiff's employment. <u>Id.</u> at ¶¶8-10. The plaintiff alleges that she discussed

2

with Gaertner the fact that she had been diagnosed with dyslexia and ADHD. Id. at ¶¶12, 13.

On July 9, 2021, Gaertner allegedly cornered the plaintiff in her cubicle, blocked the exit, put his hand down his pants and appeared to touch himself in front of the plaintiff. Id. at ¶14. The plaintiff says that she turned away but heard him unbuckle his pants. Id. The plaintiff says that as a survivor of sexual assault, she became frightened, told Gaertner she had to leave and exited the building. Id. at ¶¶15-17. The plaintiff allegedly reported Gaertner's misconduct on July 12, 2021; Gaertner and the Archdiocese HR director terminated her employment two days later. Id. at ¶¶19, 20. The plaintiff alleges that she received her right to sue letter on June 21, 2022 in an email from the EEOC to her legal counsel. Id. at ¶¶21, 22.

### C. Parties' Arguments

The defendant moves to dismiss, arguing that the amended complaint is time barred because the plaintiff filed her case after the ninety-day limitation period. Dkt. No. 19 at 4 (citing 42 U.S.C. §2000e-5(f)(1)). According to the defendant, the ninety-day period is jurisdictional and began to run when the email notification reached the plaintiff's inbox. Id. (citing Paniconi v. Abington Hosp.-Jefferson Health, Case No. CV 21-5384, 2022 WL 1634224, at *2 (E.D. Pa. May 24, 2022)). The defendant also cites Lax v. Mayorkas, 20 F.4th 1178, 1183 (7th Cir. 2021), in which the Seventh Circuit held that the filing window for purposes of 42 U.S.C. §2000e-5(f)(1) and 29 C.F.R. §1614.407 commenced when an individual receives the email and not when he opens the attachment.

3

Dkt. No. 19 at 5. The defendant asserts that the plaintiff filed her original complaint 143 days after the EEOC emailed the notice of right to sue. Id.

In support of the motion, the defendant asks the court to take judicial notice of a documents log provided by the EEOC in response the defendant's FOIA requests. Id. The defendant asserts that the activity log "unequivocally" establishes that an email containing the notice of right to sue was sent to the plaintiff on April 29, 2022. Id. The defendant argues that, regardless of the plaintiff's allegations that she received the notice on June 21, 2022, she was required to file within ninety days of April 29, 2022. Id. The plaintiff filed the complaint on September 19, 2022. Dkt. No. 1.

The plaintiff responds by citing her attorney's declaration, filed in opposition to the previous motion. Dkt. No. 21 at 3. In the declaration, her attorney states that he filed the plaintiff's charge of discrimination on February 28, 2022. Dkt. No. 10 at ¶2. Having received no communication from the EEOC by mid-May, he sent a letter requesting the issuance of a right to sue letter. Id. at ¶3. Still having received no communication by mid-June 2022, the plaintiff's attorney again contacted the EEOC by email inquiring about the status. Id. at ¶4. The EEOC responded on June 21, 2022, indicating "See attached RTS." Id. at ¶5. A right to sue letter digitally signed on June 21, 2022 was attached. Id. The plaintiff's attorney represents that neither he nor the plaintiff received any other right to sue letter and became aware of another right to sue letter only during a September 27, 2022 telephone conversation with defense counsel. Id. at ¶6; Dkt. No. 21 at 4.

The plaintiff maintains that she met her obligation by filing within ninety days of receipt of the June 21, 2022 right to sue letter. Dkt. No. 21 at 4. She argues that it is "nonsensical" to think she would have been emailing the EEOC in May and June asking them to issue a right to sue letter if she had received the letter on April 29, 2022. Id. at 5. The plaintiff argues that the defendant "disingenuously" cites to the EEOC log but omits the actual description, which states that an email was sent indicating that a "new document" was "available to download." Id. The plaintiff challenges the authenticity of the log, asserting that neither FOIA request included the June 21, 2022 right to sue letter sent by the EEOC to plaintiff's counsel. Id.

In its reply brief, the defendant argues that the log "dispositively proves that the Notice of Right to Sue was emailed to Plaintiff on April 29, 2022." Dkt. No. 22 at 3 (citing Dkt. Nos. 20 at ¶5; 20-2 at 14). The defendant doesn't dispute that the plaintiff's attorney was in contact with the EEOC in May and June of 2022, but argues that the attorney's interactions with the EEOC are irrelevant to the motion to dismiss. Id. at 3, n.2. The defendant insists the court must focus on when the EEOC emailed the notice rather than when the plaintiff or attorney was aware of the notice. Id.

D. Analysis

After the EEOC gives a plaintiff notice of her right to sue, the plaintiff has ninety days to file her lawsuit. 42 U.S.C. § 2000e-5(f)(1). The defendant argues that the ninety days is jurisdictional. That is incorrect; the filing period is not a jurisdictional prerequisite to filing a Title VII suit. Nat'l R.R. Passenger Corp. v.

5

Case 2:22-cv-01084-PP    Filed 10/16/23    Page 5 of 9    Document 23

Morgan, 536 U.S. 101, 121 (2002). Rather, "it is a requirement subject to waiver, estoppel, and equitable tolling 'when equity so requires.'" Id. (internal citation omitted); see also Gibson v. West, 201 F.3d 990, 993 (7th Cir. 2000). The ninety days begins to run when the plaintiff or her attorney has actual receipt of the notice. Thread-Gill v. Moore U.S.A., Inc., 269 F.3d 848, 850 (7th Cir. 2001). A complaint filed after ninety days is time-barred and subject to dismissal. Dandy v. United Parcel Serv., Inc., 388 F.3d 263, 270 (7th Cir. 2004).

The plaintiff alleges in the amended complaint that she received her right to sue letter on June 21, 2022 in an email from the EEOC to her legal counsel. Dkt. No. 17 at ¶22. In a motion to dismiss, the defendant asks the court to ignore those allegations and consider the documents it received from the EEOC in response to several FOIA requests. The defendant says the court has the authority to take judicial notice of the EEOC's responsive documents. Dkt. No. 19 at 3-4. According to the defendant, the "activity log provided by the EEOC in response to Defendant's second FOIA request unequivocally establishes that an email was sent to Plaintiff on April 29, 2022 containing the April 29, 2022 Notice of Right to Sue." Dkt. No. 19 at 5.

The defendant cannot prevail on the motion to dismiss unless the court considers the extrinsic evidence the defendant attached to the motion. Federal Rule of Evidence 201 provides in relevant part that the court may take judicial notice of a fact only if it "is not subject to reasonable dispute because it . . . (2) can be accurately and readily determined from sources whose accuracy cannot

6

Case 2:22-cv-01084-PP    Filed 10/16/23    Page 6 of 9    Document 23

reasonably be questioned." Fed. R. Evid. 201(b); see Hennessy v. Penril Datacomm Networks, Inc., 69 F.3d 1344, 1354 (7th Cir.1995) ("In order for a fact to be judicially noticed, indisputability is a prerequisite.").

The fact that the defendant made several FOIA requests is not subject to reasonable dispute. The court, however, will not take judicial notice of the contents of the documents produced in response to the requests, for two reasons. First, the court does not find that the accuracy "cannot reasonably be questioned." At least one other court has refused to consider the EEOC's response to a FOIA request in response to a motion to dismiss. Gratsy v. Cambridge Integrated Services Group, Inc., Case Nos. 12-9141, 13-2522 (consolidated), 2014 WL 5543933, *4 (N.D. Ill. Nov. 3, 2014). That court explained that "the EEOC's statement is subject to reasonable dispute; its recordkeeping practices, like those of any large organization, are by their very nature not free of error." Id. at *4.

Second, the documents produced are not "unequivocal" as represented by the defendant. Mindful of Rule 11, the plaintiff's attorney alleged that the plaintiff received the right to sue letter on June 21, 2022 in an email from the EEOC to the attorney. Dkt. No. 17 at ¶22. He attached as exhibits to the amended complaint his correspondence with the EEOC and the notice of right to sue dated June 21, 2022. Id. at 8-12. The defendant produced the responses that it received from the EEOC; the responses did not include the June 21, 2022 notice of right to sue attached to the amended complaint. Instead, the defendant produced a notice that appears to have been digitally signed on April

7

29, 2022. Dkt. No. 20-1 at 32. There were over thirty separate entries on the log dated April 29, 2022. Dkt. 20-2 at 11-15. Several documents appear to have been generated by Dawn Jarmon, including a "closure notice, NTRS" and notice of charge. Id. at 13, 14. One of the entries on that date indicates, "emailed Kimberly Carrigan at kkarriganinwi@gmail.com that a new document is available to download." Dkt. No. 20-2 at 14. There were additional entries regarding the "NRTS" on May 2, May 5, June 6, June 21, June 28 and September 19, 2022, including an entry that suggests the file was reopened on June 28, 2022. Dkt. No. 20-2 at 6-15. The EEOC produced the letter from the plaintiff's attorney' dated May 20, 2022 asking the EEOC to issue a right to sue letter because neither he nor the plaintiff had received one. Dkt. No. 20-1 at 9. The court does not resolve factual disputes on a motion to dismiss.

While the EEOC's response to the FOIA requests may be admissible on summary judgment or at trial, the court will not take judicial notice at this stage. See Doss v. Clearwater Title Co., 551 F.3d 634, 640 (7th Cir. 2008) (declining to take judicial notice of a deed because "[i]t takes more than an exception to the hearsay rule . . . to justify judicial notice."). Taking judicial notice of a fact that is in dispute raises doubts as to whether the parties received a fair hearing. Gen. Elec. Capital Corp., 128 F.3d at 1083. Additionally, the court will not consider the plaintiff's declaration filed in opposition to the previous motion to dismiss. The parties essentially treated the motion to dismiss as one for summary judgment without complying with the civil and local rules applicable to motions under Rule 56.

8

At this stage, the plaintiff adequately has alleged that she satisfied the ninety-day requirement. The defendant may raise the argument on summary judgment and support it with whatever evidence the defendant believes demonstrates that there is no genuine dispute.

## II. Conclusion

The court **DENIES** the defendant's motion to dismiss. Dkt. No. 18.

The court **ORDERS** the defendant to file its answer to the amended complaint by the end of the day on **November 10, 2023**. Once the defendant has filed its answer, the court will issue a scheduling order.

Dated in Milwaukee, Wisconsin this 16th day of October, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**